```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
AND WELFARE FUNDS,

                    Plaintiffs,            MEMORANDUM & ORDER
                                           13-CV-1877(JS)(GRB)
        -against-

ARCHETYPE CONSTRUCTION CORP.,

                    Defendant.
-------------------------------------X
APPEARANCES
For Plaintiffs:     Charles R. Virginia, Esq.
                    Richard B. Epstein, Esq.
                    Elina Turetskaya, Esq.
                    Virginia & Ambinder LLP
                    40 Broad Street, 7th Floor
                    New York, NY 10004

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Currently pending before the Court is a motion for default judgment filed by plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs") and Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") addressing the motion. For the following reasons, the Court ADOPTS this R&R, with one modification.

## BACKGROUND

Plaintiffs commenced this action on April 4, 2013 against defendant Archetype Construction Corp. ("Defendant")

pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 to confirm and enforce an arbitration award ordering compliance with a collective bargaining agreement ("CBA") between the Northeast Regional Council of Carpenters (the "Union") and Defendant.

Plaintiffs requested a certificate of default on January 20, 2014 (Docket Entry 6), which was entered by the Clerk of the Court the following day (Docket Entry 7). On January 22, 2014, Plaintiffs moved for default (Docket Entry 8), and, on January 24, 2014, the Court referred Plaintiffs' motion to Judge Brown (Docket Entry 10).

On August 18, 2014, Judge Brown issued his R&R. In it, he makes the following recommendations that: (1) the Court grant Plaintiffs' motion and confirm the arbitrator's award; (2) the Court award Plaintiffs $388,384.29 (consisting of $283,668.70 in outstanding contributions, $36,956.52 in interest, $56,733.74 in liquidated damages, $250.00 in attorney's fees, $6,881.25 in audit costs, and $750.00 for the arbitrator's fee) plus interest from the date of the arbitration through the date of judgment; and (3) the Court award Plaintiffs $2,402.21 in costs and attorneys' fees.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Brown's R&R. The Court finds his R&R to be correct, comprehensive, well-reasoned and free of any clear error with one exception. Judge Brown's calculation of $388,384.29 is based upon the arbitrator's award, which determined that Plaintiffs are entitled to $283,668.70 in outstanding contributions, $36,956.52 in interest, $56,733.74 in liquidated damages, $250.00 in attorney's fees, $6,881.25 in audit costs, and $750.00 for the arbitrator's fees. Indeed, the arbitrator itemized each of these figures, and then held the aggregate to be $388,384.29. (Turetskaya Decl., Docket Entry 9, Ex. C.) However, addition of each of these figures comes to $385,240.21, not $388,384.29.

Courts have modified awards in similar circumstances where there is an evident material miscalculation of figures on the face of the arbitrator's award. See Trs. of the Empire

3

State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension & Welfare Funds v. Lynnview Constr. Corp., No. 12-CV-5644, 2013 WL 4852312, at *9 (E.D.N.Y. Sept. 10, 2013) (citations omitted); Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension & Welfare Funds v. The Flooring Experts, Inc., No. 12-CV-6317, 2013 WL 4042357, at *7 (E.D.N.Y. Aug. 8, 2013) (citations omitted), adopted by 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); Trs. of the Bldg. Trades Annuity Fund, Educ. Fund, Welfare Fund & the United Serv. Workers Sec. Fund v. Prof'l Plumbing of Staten Island Corp., No. 09-CV-3812, 2010 WL 6230530, at *6 (E.D.N.Y. Nov. 17, 2010), adopted by 2011 WL 1046856 (E.D.N.Y. Mar. 17, 2011); see also 9 U.S.C. § 11. This Court will do the same.

Accordingly, the Court ADOPTS Judge Brown's R&R with the exception that the $385,240.21 figure, not $388,384.29, applies.

## CONCLUSION

Judge Brown's R&R is ADOPTED as set forth below, Plaintiffs' motion for default is GRANTED, and the arbitrator's award is CONFIRMED with modification. Accordingly, the Court holds as follows:

(1) Plaintiffs are awarded $385,240.21 plus interest in the amount of .75%, compounding monthly, from the date of the arbitration award through the date of final judgment; and

4

(2) Plaintiffs are awarded $2,402.21 in costs and attorney's fees.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __16__, 2014
       Central Islip, NY